BRENT E. JOHNSON (SBN 133323)
bjohnson@hollandhart.com
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
*Attorneys for Plaintiffs Chipotle Mexican
Grill, Inc. and CMG Pepper, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| CHIPOTLE MEXICAN GRILL, INC., and CMG PEPPER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SWEETGREEN, INC.,<br><br>Defendant. | Case No. 8:23-CV-00596<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Chipotle Mexican Grill, Inc. and CMG Pepper, LLC (collectively "Chipotle") hereby submit this Complaint against Defendant Sweetgreen, Inc. ("Sweetgreen") and allege as follows:

## INTRODUCTION

This is an action under the Lanham Act and related state laws, arising out of Sweetgreen's marketing and sales of a "Chipotle Chicken Burrito Bowl." Chipotle and Sweetgreen are unaffiliated companies who compete in the "fast casual" restaurant industry. Still, Sweetgreen is using Chipotle's famous CHIPOTLE® trademark to sell a product that is very similar and directly competitive to Chipotle's chicken burrito bowl. Sweetgreen's conduct constitutes trademark

1    infringement, trademark dilution, and false designation of origin, and deceptive
2    trade practice.

3         On discovering Sweetgreen's infringing conduct, Chipotle sent a written
4    demand that Sweetgreen cease making use of the CHIPOTLE® trademark and re-
5    name its new product. Sweetgreen did not respond and continued its infringing
6    conduct.

7         This action follows.

8 **THE PARTIES**

9         1.      Plaintiff Chipotle Mexican Grill, Inc. is a Delaware corporation with
10    its principal place of business in Newport Beach, California.

11         2.      Plaintiff CMG Pepper, LLC is a Colorado limited liability company
12    with its principal place of business in Newport Beach, California. CMG Pepper,
13    LLC is wholly owned by Chipotle Mexican Grill, Inc.

14         3.      On information and belief, Defendant Sweetgreen, Inc. is a
15    Delaware corporation registered with the state of California, and with a principal
16    place of business at 3101 West Exposition Blvd, Los Angeles, California 90018.

17 **JURISDICTION AND VENUE**

18         4.      This action arises under the Lanham Act, 15 U.S.C. § 1501 et seq.,
19    and supplemental state law.  This Court has subject matter jurisdiction pursuant to
20    15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338; and supplemental jurisdiction
21    over Chipotle's state law claims pursuant to 28 U.S.C. § 1367.

22         5.      This Court has personal jurisdiction over Sweetgreen because
23    Sweetgreen's principal place of business is in California, and because this action
24    arises from Sweetgreen's infringing and diluting activities within the State of
25    California.

26         6.      Venue properly lies in this judicial district pursuant to 28 U.S.C.
27    § 1391 because a substantial part the events giving rise to the claims occurred
28    within this district.

**GENERAL ALLEGATIONS**

**<u>Chipotle's Launch and Use of its Famous CHIPOTLE® Trademark</u>**

7.      In 1993, Steve Ells, a classically trained chef and graduate of the Culinary Institute of America, founded Chipotle. He started using CHIPOTLE® as a trademark and service mark in connection with his first restaurant at the corner of Evans and Gilpin Streets in Denver, Colorado.  Since the opening of the first restaurant, Chipotle experienced rapid success, widespread customer acceptance, and national recognition of Chipotle's food services and products, all marketed and sold in connection with the CHIPOTLE® trademark.

8.      Currently, Chipotle owns and operates thousands of "fast-casual" restaurants throughout the United States, Canada, and worldwide (including more than 400 restaurants in California alone) all under the mark CHIPOTLE®.

9.      Chipotle is committed to sourcing its ingredients in the most ethical and sustainable manner possible, and has pioneered a movement in furtherance of food with integrity.  Chipotle communicates this commitment to its customers, and Chipotle's customers associate the CHIPOTLE® brand with this commitment to ethical food sourcing as well as with high quality and attention to detail.

10.      Chipotle's menu features burritos, burrito bowls, tacos, quesadillas, and salads. Among its menu items, Chipotle's chicken burrito bowls are among its most popular, which are typically made (at the customer's option) with rice, black beans, and salsa. *See* https://www.chipotle.com/order/build/burrito-bowl:



11.     Chipotle's traditional marketing of its products emphasizes it use of unprocessed "real" ingredients and in-house cooking. For example, Chipotle's website features an image of a burrito bowl, next to the text: "We do it by being real." *See* https://www.chipotle.com/values:



12.     From time to time, Chipotle promotes its products with special or limited time offers. One longstanding Chipotle promotion occurs on "National Burrito Day," the first Thursday of April. *See* https://www.chipotle.com/nationalburritoday (advertising Chipotle's 2022 National Burrito Day promotion). This year, "National Burrito Day" falls on April 6, 2023; as it has in prior years, Chipotle is offering a limited time promotion for the occasion.

13.     Chipotle has invested tens of millions of dollars and hundreds of thousands of hours to develop its restaurants, create and protect its intellectual property, and create and maintain the goodwill of the CHIPOTLE® national brand.

14.     In recognition of Chipotle's exclusive right to use the mark CHIPOTLE® in connection with Chipotle's prepared food and related services, the United States Patent and Trademark Office has granted Chipotle several trademark and service mark registrations.

15.   CMG Pepper, LLC owns the following trademarks, which Chipotle Mexican Grill, Inc. is duly authorized to use and enforce:

| Mark | Description of Goods or Services | Registration Date | First Use in Commerce |
|---|---|---|---|
| CHIPOTLE<br>Reg. No. 2,344,423 | Class 43 - restaurant services | April 25, 2000 | July 13, 1993 |
| CHIPOTLE<br>Reg. No. 3,523,738 | Class 29 - prepared entrees consisting primarily of chicken, steak, carnitas, barbacoa or vegetables; prepared vegetable-based entrees; salads comprised of lettuce and choice of meat, beans, salsa, cheese and/or sour cream; guacamole; sour cream; cooked beans; cheese<br><br>Class 30 - burritos; tacos; fajita burritos; salsas; tortillas; tortilla chips; rice; salads comprised of rice and choice of meat, beans, salsa, cheese and/or sour cream; prepared entrees consisting primarily of rice | October 28, 2008 | 1993 |
| CHIPOTLE (Stylized)<br>**CHIPOTLE**<br>Reg. No. 3,412,092 | Class 43 - restaurant services; take-out restaurant services | April 15, 2008 | January 12, 2007 |
| CHIPOTLE (Stylized)<br>**CHIPOTLE**<br>Reg. No. 3,698,498 | Class 43 - restaurant services; take-out restaurant services | October 20, 2009 | August 28, 2008 |

| CHIPOTLE (Stylized)  **CHIPOTLE**  Reg. No. 3,622,272 | Class 43 - restaurant services; take-out restaurant services | May 19, 2009 | August 28, 2008 |
|---|---|---|---|

16.     Copies of Chipotle's Trademark Registrations identified above are filed concurrently as Exhibits 1-5.  All of Chipotle's registered and common law rights to CHIPOTLE® are hereinafter referred to as the CHIPOTLE® Marks.

17.     As a result of Chipotle's extensive, long-standing, and exclusive use of the CHIPOTLE® Marks, the CHIPOTLE® Marks have become famous in the eyes of food shoppers and the general public.  Plaintiff's CHIPOTLE® Marks have acquired substantial goodwill and are an extremely valuable commercial asset, serving to identify and distinguish Chipotle's restaurants and food items from others available in the market.

### Sweetgreen's Infringing Conduct

18.     Sweetgreen also operates "fast-casual" restaurants within the United States, including restaurants throughout this District. Sweetgreen offers salads and "warm bowls" on its menu.

19.     On or about March 30, 2023, Sweetgreen launched a new menu item: the "Chipotle Chicken Burrito Bowl."

20.     Sweetgreen's "Chipotle Chicken Burrito Bowl" features very similar ingredients to Chipotle's burrito bowls, including chicken, a grain base (such as rice), black beans, and salsa.

21.     Sweetgreen displays "Chipotle Chicken Burrito Bowl" or alternatively "CHIPOTLE CHICKEN BURRITO BOWL" making prominent use of the famous CHIPOTLE® trademark in numerous marketing channels, including in and around its restaurants, on its website, and on social media platforms including Instagram and Twitter.

22.     Sweetgreen displays and uses the term CHIPOTLE® as a trademark, featuring it as the lead word in the item, capitalizing the first letter of the word "Chipotle," and on occasion displaying "CHIPOTLE" in all capital letters. Sweetgreen's use of CHIPOTLE® appears in the absence of any other source-identifying name or trademark, as can be seen in the below pictures from Sweetgreen's website:



23.     Other Sweetgreen advertisements for its copy-cat "Chipotle Chicken Burrito Bowl" feature "CHIPOTLE" in a font nearly identical to Chipotle's stylized mark **CHIPOTLE** . In the screenshot of Sweetgreen's website below, the words "CHIPOTLE CHICKEN BURRITO BOWL" are prominently displayed, in a font nearly identical to Chipotle's stylized mark, roughly twice the height and size of any other associated text, and in the absence of any other source-identifying name or trademark:

24.     Sweetgreen's advertisements also feature the CHIPOTLE® mark in all capital letters, in a single line set apart from other words or phrases, and in light lettering against a background that is nearly identical to Chipotle's trademarked red color, Adobo Red, and Chipotle's stylized mark

25.     In the above advertisement, the letters used by Sweetgreen for "CHIPOTLE" are prominently displayed, in a separate font, and roughly twice the height and size of any other source-identifying name or trademark.

26.     Sweetgreen's social media presence confirms its intent to affirmatively create a false association with the famous CHIPOTLE® restaurants and trade off the famous CHIPOTLE® Marks.

27.     For example, on March 30, 2023, Sweetgreen announced its "Chipotle Chicken Burrito Bowl" using the Instagram post below. In response to a comment stating "Chipotle who?!" Sweetgreen replied "you said it, not us" and included an emoji meant to indicate "zipped lips":



28.     Another Instagram user commented on a Sweetgreen post about the "Chipotle Chicken Burrito Bowl": "@chipotle get a load of this." The user, tagging Chipotle's Instagram account, clearly understood the association Sweetgreen is trying to draw between its product, Chipotle's products, and the famous CHIPOTLE® brand.

1

2



3

4

5

6

7

8

9

10

11

12

13

14      29.     Additional evidence of Sweetgreen's intent to trade off of

15  Chipotle's goodwill exists.  For example, Sweetgreen is running a promotional

16  event for the "Chipotle Chicken Burrito Bowl" on April 6, 2023, purportedly in

17  honor of "National Burrito Day."  This promotion is clearly intended to copy and

18  trade off of Chipotle's longstanding "National Burrito Day" promotion.

19      30.     Not surprisingly, industry publications have commented on the

20  similarity between Sweetgreen's new "Chipotle Chicken Burrito Bowl" and

21  Chipotle's well-known burrito bowl, both in terms of the product itself and in

22  terms of Sweetgreen's usage of "Chipotle." The press has explicitly recognized

23  Sweetgreen's dish "veers directly into arch-rival Chipotle Mexican Grill's

24  territory."[1]

25

26

27  _____

[1] *See* "Sweetgreen pokes fast-casual rival with debut of a Chipotle Chicken Burrito Bowl," RESTAURANT

28  BUSINESS, https://www.restaurantbusinessonline.com/food/sweetgreen-pokes-fast-casual-rival-debut-chipotle-
chicken-burrito-bowl (March 30, 2023).

-10-

COMPLAINT

CASE NO. 8:23-CV-00596

31.     The same article notes Sweetgreen's promotion of its new menu item echoes Chipotle's traditional marketing strategy, which centers around unprocessed "real" ingredients and in-house cooking.

32.     The same article discusses how Sweetgreen's new "Chipotle Chicken Burrito Bowl" is part of Sweetgreen's "ongoing move to capture the dinner depart," in direct competition to Chipotle's "enviable strength" across both lunch and dinner concepts.

33.     At no time has Sweetgreen sought or received permission or license from Chipotle to use the CHIPOTLE® Marks.

34.     Chipotle and Sweetgreen are unaffiliated companies who compete in the "fast casual" restaurant industry. Sweetgreen is not authorized to use any of Chipotle's intellectual property.

35.     Sweetgreen's conduct is likely to cause confusion or mistake as to the source of Sweetgreen's "Chipotle Chicken Burrito Bowl," or as to an affiliation, connection, association, sponsorship, or approval between Sweetgreen and Chipotle, or as to the origin of Sweetgreen's "Chipotle Chicken Burrito Bowl."

36.     Sweetgreen uses CHIPOTLE® in prominent positions in its advertising, in styles that imitate or directly copy Chipotle's stylized marks, and in advertisements that do not feature other source-identifying names or trademarks. This conduct, coupled with Sweetgreen's creation and launch of a competitive menu item very similar to a well-known Chipotle menu item, and Sweetgreen's demonstrated intent to draw an association between its product and Chipotle's product and brand, can only be explained by a willingness to infringe Chipotle's intellectual property, confuse and/or deceive consumers, and wrongfully profit from and trade off of Chipotle's valuable goodwill and reputation in the CHIPOTLE® Marks.

**Relevant History Between the Parties Preceding this Lawsuit**

37.     On or about March 30, 2023, Chipotle became aware of Sweetgreen's new advertising campaign for its "Chipotle Chicken Burrito Bowl" directly competitive to Chipotle's chicken burrito bowl.

38.     Thereafter, Chipotle contacted Sweetgreen via telephone call between in-house counsel, and via written correspondence from outside litigation counsel, informing it of Chipotle's rights and requesting that Sweetgreen immediately cease using the CHIPOTLE® Marks and re-name its menu item to include, if necessary, a more appropriate fair use of the word "chipotle."

39.     Chipotle suggested that Sweetgreen re-name its menu item using "chipotle" in lower-case, in a textual sentence, to accurately describe ingredients of its menu item, such as ". . . with chipotle flavoring." As one example, Chipotle suggested that "chicken bowl with chipotle" may be a more appropriate name for Sweetgreen's new menu item.

40.     Sweetgreen failed to respond to Chipotle's letter and has continued its infringing conduct, necessitating the instant action.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement in Violation of 15 U.S.C. § 1114)**

41.     Chipotle incorporates the preceding paragraphs as though set forth fully herein.

42.     Chipotle owns valid federal registrations for the CHIPOTLE® Marks for, *inter alia*, take-out restaurant services and prepared chicken entrees.

43.     Plaintiff's registrations in the CHIPOTLE® Marks constitute prima facie evidence of the validity of Chipotle's trademark rights and of Chipotle's exclusive right to use the CHIPOTLE® Marks in commerce.

44.     Sweetgreen's unauthorized use of the term CHIPOTLE as a trademark in connection with its restaurant services and sale of prepared chicken entrees is likely to cause confusion or mistake as to the source, affiliation,

connection, or association of Sweetgreen's CHIPOTLE chicken items and Chipotle, or as to the origin, sponsorship, or approval of Sweetgreen's CHIPOTLE chicken entrée product.

45.     Sweetgreen's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

46.     By reason of Sweetgreen's acts as alleged above, Chipotle has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of the CHIPOTLE® Marks, as well as irreparable harm to Chipotle's business, goodwill, and reputation.  Chipotle has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

47.     Sweetgreen's continued use of the CHIPOTLE mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of the CHIPOTLE® Marks.

### SECOND CLAIM FOR RELIEF

### (Trademark Dilution in Violation of 15 U.S.C. §1125(c))

48.     Chipotle incorporates the preceding paragraphs as though set forth fully herein.

49.     Due to Chipotle's long-standing, extensive, widespread, and exclusive use of the CHIPOTLE® Marks, coupled with the millions of dollars invested in marketing and promoting the CHIPOTLE® Marks nationwide, the CHIPOTLE® Marks have become famous.

50.     The similarity between Chipotle's famous CHIPOTLE® Marks and Sweetgreen's use of CHIPOTLE in commerce creates a strong association between the two in the minds of consumers.

51.     Sweetgreen's use of CHIPOTLE in connection with its prepared chicken entrée is causing and is likely to cause dilution of Chipotle's famous CHIPOTLE® Marks, in violation of Section 43(c) of the Lanham Act,

15 U.S.C. § 1125(c).

52.     By reason of Sweetgreen's acts as alleged above, Chipotle has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of the CHIPOTLE® Marks, as well as irreparable harm to Chipotle's business, goodwill, and reputation.  Chipotle has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

53.     Sweetgreen's continued use of the CHIPOTLE mark is deliberate, willful, fraudulent, and constitutes a knowing dilution of the CHIPOTLE® Marks.

**THIRD CLAIM FOR RELIEF**

**(False Designation of Origin in Violation of 15 U.S.C. § 1125(a))**

54.     Chipotle incorporates the preceding paragraphs as though set forth fully herein.

55.     The CHIPOTLE® Marks are inherently distinctive or have acquired distinctiveness among the relevant trade and public as identifying Plaintiff's food items and services.

56.     Defendant's use of CHIPOTLE as a trademark for its prepared chicken entrée items  is likely to cause confusion, mistake, or to deceive consumers as to the affiliation, connection, or association of Sweetgreen's CHIPOTLE chicken items and Chipotle, or as to the origin, sponsorship, or approval of Sweetgreen's CHIPOTLE chicken items by Plaintiff.

57.     Sweetgreen's use of CHIPOTLE in connection with its prepared chicken entrée constitutes trademark infringement, unfair competition, and false designation of origin in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58.     By reason of Sweetgreen's acts as alleged above, Chipotle has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of the CHIPOTLE® Marks, as well as irreparable harm to

Chipotle's business, goodwill, and reputation. Chipotle has no adequate remedy at law because damage to its goodwill and reputation are continuing and difficult to ascertain.

59.     Sweetgreen's continued use of the CHIPOTLE mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of the CHIPOTLE® Marks.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition under California Law)

60.     Chipotle incorporates the preceding paragraphs as though set forth fully herein.

61.     Sweetgreen's acts of trademark infringement and false designation of origin constitute unfair competition with Chipotle under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, et seq.

62.     Sweetgreen's conduct is unfair because it allows Sweetgreen to benefit unjustly by virtue of the goodwill and reputation associated with Chipotle, its CHIPOTLE® Marks, and its goods and services. Sweetgreen has intentionally violated, and continues to violate, Chipotle's rights in the CHIPOTLE® Marks and related commercial benefits.

63.     Sweetgreen is willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies and/or colorable imitations of Chipotle's famous CHIPOTLE® Marks.

64.     Sweetgreen's conduct is likely to confuse the public as to whether Sweetgreen's goods and services are somehow related to, or approved or sponsored by, Chipotle or vice versa; or that Sweetgreen is the senior use of the CHIPOTLE® mark and that Chipotle is improperly using, copying, or infringing Sweetgreen's mark.

65.     As a direct, proximate, and foreseeable result of Sweetgreen's

wrongful conduct, Sweetgreen has derived and received, and will continue to

derive and receive, gains, profits, and advantages from its unfair competition in an

amount that is not presently known to Chipotle.

66.     By reason of Sweetgreen's wrongful acts as alleged in this

Complaint, Chipotle has suffered and will continue to suffer monetary damages.

67.     Chipotle and the public have been, and continue to be, irreparably

damaged by violation of California common law and statutory law, and Chipotle

has no adequate remedy at law because damage to its goodwill and reputation are

continuing and difficult to ascertain. Unless enjoined, Sweetgreen's unlawful

conduct will continue, further injuring Chipotle and confusing the public.

## JURY DEMAND

68.     Chipotle demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Chipotle requests that the Court enter Judgment in its favor

as follows:

1.     Granting temporary, preliminary, and permanent injunctive relief

enjoining Sweetgreen and each of its affiliates, subsidiaries, officers, directors,

agents, servants, and employees, and all others aiding, abetting, or acting in concert

therewith, from:

          A. using the mark CHIPOTLE, or any other mark confusingly

             similar thereto, in connection with the promotion of its

             restaurant services, sale, or offer of sale of prepared food items;

             and

          B. otherwise competing unfairly or committing any acts likely to

             confuse the public into believing that Sweetgreen or any of

             Sweetgreen's products are associated, affiliated, or sponsored

             by Chipotle or are authorized by Chipotle, in whole or in part,

             in any way.

1    2.      Ordering that Sweetgreen account for and pay to Chipotle any and

2    all profits Sweetgreen has received by its conduct alleged herein;

3    3.      Awarding to Chipotle any and all damages and losses suffered by

4    Chipotle as a result of Sweetgreen's conduct as set forth herein, and treble such

5    damages as provided by law;

6    4.      Awarding to Chipotle the costs of this action and its reasonable

7    attorneys' fee and expenses;

8    5.      Awarding to Chipotle pre-judgment and post-judgment interest on

9    all damages recovered by or awarded to it; and

10   6.      Granting such other and further relief as the Court deems equitable,

11   just, and appropriate.

13   Dated: April 4, 2023

14                                    Respectfully Submitted,

16                                    */s/  Brent E. Johnson*

17                                    Brent E. Johnson

18                                    HOLLAND & HART LLP

19

20                                    *Attorneys for Plaintiffs Chipotle Mexican
                                      Grill, Inc. and CMG Pepper, LLC*